20872. ELECTRIC CITY LUMBER COMPANY *v.* NEW YORK UNDERWRITERS INSURANCE COMPANY.

DECIDED MAY 15, 1931.

*McCutchen & Bowden,* for plaintiff.

*Slade & Swift, Smith, Hammond, Smith & Bloodworth,* for defendant.

BELL, J. Electric City Lumber Company brought suit against New York Underwriters Insurance Company upon an alleged fire-insurance contract, as evidenced by a certain binder in words and figures as follows:

"Columbus, Ga., Oct. 22, 1926.

"Mr. Willard Cooper, Electric City Lumber Company, Columbus, Georgia.

"Dear Sirs: We are to-day binding in the Globe & Rutgers Insurance Company $2,000.00 on dry kiln equipment in dry kiln and $1,000.00 in the New York Underwriters Insurance Company on boiler and foundation in boiler house.

"Yours very truly,
"R. H. McNulty Company,
"R. H. McNulty."

The petition alleged that the McNulty Company was the duly authorized agent of the defendant to issue insurance policies; that this binder was issued to the plaintiff for the term of one year; and that the same was accepted and ratified by the defendant "under the terms and conditions of its standard fire-insurance policy to be issued to the said plaintiff;" and that the premium was the usual and customary rate of insurance on a boiler and foundation on Brown Street, in the City of Columbus, Georgia, the exact rate being well known to the defendant but unknown to the plaintiff. The property was destroyed by fire on April 15, 1927, and the defendant thereby became liable to the plaintiff for the sum of $1,000, "the amount of insurance carried thereon."

"Petitioner shows that the said R. H. McNulty Company, the authorized agent of said fire-insurance company, did issue said binder set forth in . . the petition, and did write, sign, and place in the book of policies issued by the company at its agency in Columbus, Georgia, said statement or binder containing all the essential elements of a contract of insurance between the plaintiff and the defendant, and made a written report to the defendant company of this memorandum or binder, and all his acts relating to the same, all of which was affirmed and ratified by said defendant company. The exact words of said written report to said

defendant company are well known to said defendant, but are unknown in exact words and figures to the plaintiff at this time."

In our view of the case other allegations need not be considered and for this reason are omitted from this statement. The court sustained a general and special demurrer and dismissed the petition, and the plaintiff excepted.

There was no error in the court's ruling. Assuming that the petition was otherwise sufficient, it is an effort to recover upon an alleged contract of insurance which was wholly silent as to the duration of the risk, and which thus appeared to be defective as omitting one of the essential elements of a valid contract of insurance. "No element of a valid contract could be more material than this. . . A contract which expresses no time for the risk to continue is too vague and uncertain to be treated as complete. Such a contract is not 'consummated.'" Such was the language of Judge Bleckley in *Clark* v. *Brand,* 62 *Ga.* 23, 25, and we think it is applicable to the present case.

A contract of insurance must be in writing in order to be valid, and is not enforceable when it is "partly in writing and partly in parol." *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993). The petition alleged that the insurance was to be effective for a year, but this does not appear in the instrument declared on. If the plaintiff was relying upon some parol understanding, the written instrument could not be thus modified, and if a vacuum was intended to be supplied by proof of a local custom or a prior course of dealing, there was no pleading to that end. It is unnecessary to plead general customs or usages of which the court will take judicial notice; but to invoke a custom or usage relating to a particular trade or locality, distinct pleading is necessary. *Hendricks* v. *Middlebrooks Co.,* 118 *Ga.* 131 (2) (44 S. E. 835); *Stewart* v. *Cook,* 118 *Ga.* 541 (2, 3) (45 S. E. 398); *Beck* v. *Thompson,* 108 *Ga.* 242 (2) (33 S. E. 894); *Hamby* v. *Truitt,* 14 *Ga. App.* 515 (2) (81 S. E. 593); *Potts* v. *Moultrie Banking Co.,* 22 *Ga. App.* 498 (2) (96 S. E. 502); *Matthews* v. *American Textile Co.,* 23 *Ga. App.* 675 (5) (99 S. E. 308); 22 Enc. Pl. & Pr. 405, 406; 17 C. J. 516.

In *Todd* v. *German American Insurance Co.,* 2 *Ga. App.* 789 (59 S. E. 94), this court adopted the rule stated in Joyce on Insurance, § 46, to the effect that the duration of the risk may be understood

to be the same as in a former policy, or may be established by custom or a prior course of dealing. See also *New Jersey Insurance Co.* v. *Rowell,* 33 *Ga. App.* 552 (2) (126 S. E. 892). Assuming that this is a correct statement of the law of this State (but see *Delaware Insurance Co.* v. *Pennsylvania Fire Insurance Co.,* 126 *Ga.* 380 (4), 55 S. E. 330, 7 Ann. Cas. 1134; Civil Code of 1910, § 2470), we have here no pleaded facts to render the rule applicable. The petition refers only to a customary premium, and this would not include the element of time.

The petition alleged that the agent "made a written report to the defendant company of this memorandum or binder, and all his acts relating to the same, all of which was affirmed and ratified by said defendant company;" but it is not averred that the report contained any statement as to the duration of the risk, or that it was not, like the binder itself, entirely silent upon this subject. In this respect, if not in others, the present case is distinguished from *Queen Insurance Co.* v. *Hartwell Ice Co.,* 7 *Ga. App.* 787 (68 S. E. 310). Compare *Lipshilz* v. *New Zealand Insurance Co.,* 34 *Ga. App.* 825 (132 S. E. 131).

The petition failed to set forth a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*