## 27678. ATLANTA LIFE INSURANCE COMPANY
### *v.* HIPPS.

DECIDED OCTOBER 25, 1939. REHEARING DENIED NOVEMBER 13, 1939.

*Hamilton Burch,* for plaintiff in error.

*Franklin & Eberhardt,* contra.

PER CURIAM. Rachael Hipps sued the Atlanta Life Insurance Company on a policy of insurance issued to her husband, in which she was named beneficiary. The jury found for the plaintiff, and the company excepted to the overruling of the motion for new trial. The policy sued on provided, among other things: "No benefits shall be payable hereunder for death resulting directly or indirectly from drunkenness, immorality, or venereal disease, or as a result of an altercation or fight, provoked or unprovoked, or suicide, whether sane or insane, or while breaking the law or resisting an officer; it being understood and agreed that death resulting from these causes or any one of them is a risk not undertaken or assumed under this policy of insurance." The evidence demanded a finding that the death resulted from an altercation or fight entered into by the insured. This court is of the opinion that the risk by which the insured died was excepted by the unambiguous terms of the policy, "altercation or fight, provoked or unprovoked." Our construction of the phrase is that it means altercation or fight, provoked or unprovoked, while the insured was sane or insane; and such interpretation is not affected by the provision that suicide is excepted whether done while the insured was sane or insane. Since the evidence shows that the death of the insured resulted from an altercation or fight, it is immaterial whether he was sane or insane at the time he was killed. Accordingly, it was error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. There is no ambiguity as to the application of the expression, "whether sane or insane." It refers to suicide alone. The question is as to the interpretation of the meaning of the expression "altercation or fight, provoked or unprovoked." Every one of the exceptions named in the policy is one

which must necessarily have been caused by an act of the insured, and the very fact that in one instance, that of suicide, the act of the insured is expressly not limited to a sane act, at least renders the contract ambiguous, if it does not clearly indicate that as to the other acts of the insured, bringing about his death under the other exceptions, his own act must have been the act of a sane person. That the death as a result of an altercation or fight was intended by the policy to be the result of a voluntary sane act on the part of the insured is borne out and confirmed by the insertion of the words, *provoked or unprovoked*. This expression simply means a death resulting from the insured's voluntary participation in a fight which he instigated or which he adopted after it was begun without his fault. There could be no altercation or fight without two participants. The exclusion of sanity with reference to one cause of death is the inclusion of sanity with reference to the others. It is the rule of inclusio unius est exclusio alterius applied inversely, but the meaning is the same. The inclusion of the exception with reference to sanity as to one cause of death excludes the sanity provision as to the other causes. This construction comports with the law of this State in the construction of insurance policies against the party writing the contract and in favor of the insured. *Merritt* v. *Cotton States Life Insurance Co.*, 55 *Ga.* 103 (6) ; *Sovereign Camp Woodmen of the World* v. *Heflin*, 188 *Ga.* 234 (3 S. E. 2d, 559). The jury found, as they were authorized to do, that the insured died as a result of a fight or altercation engaged in by him when he was insane. Under my construction of the policy, such a risk was not excepted therefrom; and therefore it was not error to overrule the motion for new trial.