37537. PENDLEY *v.* UNION BANKERS INSURANCE COMPANY.

QUILLIAN, Judge. 1. While it is true that this court has no jurisdiction of an appeal by direct bill of exceptions from a judgment in the Civil Court of Fulton County in a case wherein the amount involved is less than $300 (Ga. L. 1933, p. 290, §§ 1 and 3; *Cox* v. *Dolvin Realty Co.,* 56 *Ga. App.* 649, 651, 193 S. E. 467; *Gavant* v. *Berger,* 182 *Ga.* 277, 281, 185 S. E. 506; *Healey Real Estate &c. Co.* v. *Wilson,* 74 *Ga. App.* 63 (1), 38 S. E. 2d 747; *Millikin* v. *Johnson,* 78 *Ga. App.* 479, 51 S. E. 2d 561), this court will not dismiss the writ of error in a case where it appears that, although the plaintiff prays recovery of the sum of $293.50 for hospital expenses and medicines under the terms of a policy of insurance upon which the suit was brought, the allegations of the petition reveal that in computing the total of the enumerated sums alleged to be due the plaintiff by the defendant insurance company, counsel for the plaintiff has committed a simple error in addition and that the true total sought to be recovered under the terms of the policy is $302.50. The facts alleged in a petition and not the prayer are determinative of the relief sought (*Kinzy* v. *Waddell,* 203 *Ga.* 689, 47 S. E. 2d 872), and this court is required to know judicially, as a matter of common knowledge of the science of mathematics that the sum of "$75 for doctor's bills, $20 for operating room, $10 for X-rays, medicines $7.50, penicillin $10," is $122.50 and not "113.50" and that the sum of $122.50 and "$180 for hospital bills" is $302.50 and not "$293.50." The true amount for which suit is brought being in excess of $300, this court has jurisdiction of the writ of error.

2. In view of the ruling in the foregoing headnote, it is unnecessary to determine whether or not the 25 percent penalty alleged to be due the plaintiff under the provisions of Code § 56-706 constitutes a part of the "amount involved" within

the meaning of the act governing appellate procedure in the Civil Court of Fulton County (Ga. L. 1933, p. 290 et seq.). The defendant's request that the case of *General Assurance Corp.* v. *Roberts*, 92 *Ga. App.* 834 (1) (90 S. E. 2d 70) be reviewed and overruled in so far as it is therein ruled that such penalty does constitute a legitimate part of such "amount involved", is denied and the motion to dismiss the writ of error is denied.

3. A general demurrer, like an oral motion to dismiss a petition for failure to set forth a cause of action, may be filed at any time (*Miami Butterine Co.* v. *Frankel*, 190 *Ga.* 88, 93, 8 S. E. 2d 398, and cit.), and it is not error for the trial court, after duly and properly opening a default, to permit the defendant to file a general demurrer to the petition, nor is it error to overrule the plaintiff's motion to dismiss such demurrer as contravening the provisions of Code (Ann.) § 81-403, which requires all dilatory pleas to be filed on or before the appearance day.

4. "The time when an insurance policy shall become effective is an essential element of the contract, and the parties may fix a future date upon which it shall become effective. *Clark, Rosser & Co.* v. *Brand*, 62 *Ga.* 23; *Metropolitan Life Insurance Co.* v. *Thompson*, 20 *Ga. App.* 706 (7) (93 S. E. 299); *Electric City Lumber Co.* v. *New York Underwriters Insurance Co.*, 43 *Ga. App.* 355 (158 S. E. 620); Matlock *v.* Hollis, 153 Kan. 227 (109 P. 2d 119, 132 A.L.R. 1316); 6 Couch on Insurance, § 1328; 29 Am. Jur. 225, § 219; 32 C. J. 1164, § 277. A policy bearing a given date, and purporting to insure for the future only, can not be made the basis of an action to recover for a loss occurring on a prior date. *Fowler* v. *Preferred Accident Insurance Co.*, 100 *Ga.* 330 (3) (28 S. E. 398)." *Boswell* v. *Gulf Life Ins. Co.*, 197 *Ga.* 269, 272 (29 S. E. 2d 71).

5. Where, under an application of the foregoing principles announced in the preceding headnote, it appears in an action on a policy of insurance that on September 25, 1957, the plaintiff made application for a policy of insurance, paid the sum of $19 and was given a receipt "for registration fee (if required) and three months premium," and it is stipulated in the receipt that "no liability is created or assumed by the company except for refund of this payment, until the policy applied for has been issued," and by the terms of the policy it is not to

become effective until October 15, 1957, such policy does not insure against injury sustained by the plaintiff on October 10, 1957, five days prior to the effective date of the policy. The trial court did not, consequently, err in sustaining the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 25, 1959.

*D. B. Phillips,* for plaintiff in error.

*Cravey & Pentecost, M. K. Pentecost, Jr.,* contra.