37634. PENINSULAR LIFE INSURANCE COMPANY *v.* DOWNARD.

QUILLIAN, Judge. 1. "All contracts of insurance, including life insurance, 'to be binding, shall be in writing.' Code §§ 56-801, 56-911; *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306, 308 (87 S. E. 1). Nor can such a contract be made partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993)." *Mitchiner* v. *Union Central Life Ins. Co.,* 185 *Ga.* 194 (194 S. E. 530).

2. The fact that a soliciting agent of an insurance company may have unrestricted powers as to the making of the contract of insurance can in no way alter the requirements of law stated in the foregoing note. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703, 704, supra; Burks *v.* Colonial Life & Accident Ins. Co., 98 F. Supp. 140, affirmed 192 F. 2d 643, certiorari denied 343 U. S. 915 (72 S. Ct. 648, 96 L. Ed. 1330).

3. For an insurance contract to be valid it must, among other requisites, contain an agreement as to period of duration of the risk assumed. *Electric City Lumber Co.* v. *New York Underwriters Ins. Co.,* 43 *Ga. App.* 355 (158 S. E. 620); *Electric City Lumber Co.* v. *Globe & Rutgers Fire Ins. Co.,* 43 *Ga. App.* 444 (159 S. E. 122); J. T. Knight & Son *v.* Superior Fire Ins. Co. of Pittsburgh, 80 F. 2d 311.

4. While insurance companies are bound to know customs of places where they transact business, and are assumed to have made their contracts with reference thereto (*Todd* v. *German-American Ins. Co.*, 2 *Ga. App.* 789, 59 S. E. 94) ; and, while the custom of any business or trade is binding between contracting parties when it is of such universal practice as to justify the conclusion that it became by implication a part of the contract (Code § 20-704 (3)), the statutory requisite, that contracts of insurance be in a writing, or writings, setting forth all material elements of a contract of insurance before such a contract is enforcible, may not be obliterated by custom. *Todd* v. *German-American Ins. Co.*, supra.

5. Under an application of the foregoing principles of law to the facts of this case as detailed in the statement of facts appended hereto, no enforcible contract existed between the parties to this suit. The entire contract was not in writing in compliance with the statute, as the duration of the risk to be assumed and the time at which the risk to be assumed would begin is not in writing, and this defect could not be supplied by oral agreement.

6. Should it be contended that the contract consisted of the application, the medical report illustrating the applicant's insurability, the payment of the first month's premium, which the defendant company retained until the death of the applicant, plus the alleged custom, such a contention is at variance with the stated law of this State as the application contains the stipulation "that the insurance hereby applied for shall not take effect until issued by the company and delivered to me [the applicant] and accepted by me and the first full premium paid during my good health . . ." and custom or usage cannot be set up to vary the written unambiguous provisions of a contract the terms of which are at variance with the alleged custom. *Colfax Gin Co.* v. *Buckeye Cotton Oil Co.*, 24 *Ga. App.* 610 (101 S. E. 697). See also in this connection *Pendley* v. *Union Bankers Ins. Co.*, 99 *Ga. App.* 189 (107 S. E. 2d 910).

7. While contracts for interim insurance are well established in this State, where written binders are executed, as in *Guest* v. *Kennesaw Life &c. Ins. Co.*, 97 *Ga. App.* 840 (104 S. E. 2d 633), no such question is presented in the case under consideration.

8. The sole assignment of error here, that the trial court erred

in overruling the general demurrer to the petition, is well taken, and the judgment of the trial court must be

*Reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED MAY 8, 1959.

*Burt & Burt*, for plaintiff in error.

*D. C. Campbell, Jr., H. G. Rawls*, contra.