## 66132. THOMAS v. UNION FIDELITY LIFE INSURANCE COMPANY.

POPE, Judge.

Appellant Nevelyn Thomas brought this action against appellee Union Fidelity Life Insurance Company seeking to recover, as the beneficiary, the face value of a life insurance policy purportedly issued by appellee to appellant's deceased daughter, Marie Hills. Appellee denied coverage. Appellant thereafter amended her complaint to add allegations of equitable estoppel and fraud, seeking reformation and/or specific performance and punitive damages. Following pretrial discovery, appellee moved for summary judgment. Appellant brings this appeal from the grant of that motion.

The facts of this case are essentially without dispute. On October 4, 1978 Marie Hills executed an application to appellee insurance company for a term life insurance policy providing $20,000 coverage. The application stated that this coverage was "guaranteed available to everyone 18 - 55 . . ." if certain eligibility requirements were met. She paid a partial premium thereon of $19.10. Later that same day, Marie Hills was killed in a collision between her automobile and a train. The subagent testified that he told the deceased and appellant that the policy went into effect as soon as the application was completed and the deceased paid the first premium. He gave the deceased a receipt for her payment of the $19.10 premium. The receipt provided in part: "No insurance shall take effect until a policy is issued and delivered to the Owner and the full premium paid, all while the health and other conditions affecting the insurability of the Proposed Insured remain as described in the application."

Both the subagent who took the application and the general agent of appellee testified that they had the authority to represent appellee, that pursuant to that authority it was their impression that they bound the insurance coverage at the time of payment of the first premium and completion of the application, and that this was the way they had conducted business in the past and the way they still did and appellee recognized immediate coverage. However, the application itself, signed by the deceased, provided: "I understand that no insurance shall take effect until a policy is issued and the full first premium is paid while the health and other conditions affecting the insurability of the insured(s) remain as stated in this application." Customary procedure was followed whereby the application was mailed to appellee's home office. The application was not received in the home office until October 26, 1978. No policy of insurance was ever issued as a result of this application because the

application was received after the applicant's (Marie Hills') death. Appellee tendered the $19.10 to the estate of Marie Hills, but the tender was refused.

1. Appellant first argues that the document executed by the deceased was either a binder or constituted a policy of insurance. She contends that the document, together with the statements of appellee's agent, was sufficient to establish either a binder or a policy. We can not agree.

In general, "contracts for insurance must be in writing and may not be partially parol." *Atlanta Metro Taxicab Group v. Bekele,* 154 Ga. App. 831, 834 (269 SE2d 902) (1980). A binder or other contract for temporary insurance is an exception to this general rule and may be either oral or written. OCGA § 33-24-33 (a) (Code Ann. § 56-2420). " 'The binder issued on an application for insurance is a mere memorandum of the most important terms of a preliminary contract of insurance, intended to give temporary protection pending the investigation of the risk by the insurer, or until the issuance of a formal policy.' [Cits.]" *Cincinnati Ins. Co. v. Stuart,* 139 Ga. App. 80, 82 (227 SE2d 771) (1976). However, the statutory exception providing that binders may be oral or written does not apply to life insurance. OCGA § 33-24-33 (d) (Code Ann. § 56-2420). Thus, under the facts in this case, no binder was effective.

Further, we note that "[n]o verbal assurance of the agent to the applicant or to the proposed beneficiary that the applicant was insured from the date of the application could bind the [insurance] company or constitute a contract of insurance. *Fowler v. Preferred Accident Ins. Co.,* 100 Ga. 330 (2) [(28 SE 398) (1897)]." *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21 (147 SE2d 5) (1966). See also *New York Life Ins. Co. v. Babcock,* 104 Ga. 67, 70-1 (30 SE 273) (1898); *Atkinson v. American Agency Life Ins. Co.,* 165 Ga. App. 102 (1) (299 SE2d 600) (1983); *Harrison v. American Liberty Ins. Co.,* 155 Ga. App. 226 (2) (270 SE2d 389) (1980); *Peninsular Life Ins. Co. v. Downard,* 99 Ga. App. 509 (6) (109 SE2d 279) (1959); see generally *W. O. W. Life Ins. Society v. Etheridge,* 223 Ga. 231 (154 SE2d 369) (1967).

2. Appellant next contends she is entitled to equitable reformation of the contract (application) "in accord with the agreement and representation of [appellee's] agents." However, since there was no valid written binder or policy of insurance between the appellee and the deceased, the remedy of equitable reformation is inappropriate. See *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194 (5) (194 SE 530) (1937); 44 CJS, Insurance, § 279 (a); see also *Vardeman v. Penn Mut. Life Ins. Co.,* 125 Ga. 117 (3) (54 SE 66) (1906).

3. "[T]he expression of an opinion as to coverage [does not] work an estoppel — even against the agent who voiced it, or against his principal. [Cits.]" *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, 169 (196 SE2d 334) (1973); see also *Peninsular Life Ins. Co. v. Downard,* supra at (2).

4. The representations by the agent of appellee insurer prior to the death of Marie Hills, that the insurance was in effect at the time she completed the application and paid the premium, "amount to no more than an opinion as to coverage or a legal opinion as to the effect of the [application], which does not give rise to actionable fraud. [Cits.]" *Parris & Son, Inc. v. Campbell,* supra at 168-9. The case cited by appellant in support of her allegation of fraud, *Clark v. Kelly,* 217 Ga. 449 (122 SE2d 731) (1961), is factually distinguishable from the case at bar.

The trial court did not err in granting appellee's motion for summary judgment for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1983 —
REHEARING DENIED OCTOBER 4, 1983 — CERT. APPLIED FOR.

*Richard D. Phillips,* for appellant.

*Thomas J. Ratcliffe, Jr., James W. Smith, Warren L. Traver,* for appellee.