## 40496. THOMAS v. UNION FIDELITY LIFE INSURANCE COMPANY.

PER CURIAM.

We granted certiorari to consider Divisions 1, 2 and 3 of the Court of Appeals' opinion in *Thomas v. Union Fidelity Life Ins. Co.,* 168 Ga. App. 267 (308 SE2d 609) (1983).

After full review of the body of law upon which the Court of Appeals based its opinion we find that the principles have been correctly stated and applied to the facts in this case.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Weltner, JJ., who dissent.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 14, 1984.

*Richard Phillips,* for appellant.

*Thomas J. Ratcliffe, Jr., Warren L. Traver,* for appellee.

HILL, Chief Justice, dissenting.

The insurance company's agents testified that they had the authority to represent the insurance company, that pursuant to that authority it was their impression that they bound the insurance coverage at the time of payment of the first premium and completion of the application, and that this was the way they had conducted business in the past and the way they still did and the insurance company recognized immediate coverage.

It is apparent from the numerous cases in this area that it is common among insurance agents to tell life insurance applicants that the insurance is effective when the application is made and the premium is paid. See *Peninsular Life Ins. Co. v. Downard,* 99 Ga. App. 509, 511-512 (109 SE2d 279) (1959).

As noted above, the agents in this case testified that the

defendant insurance company "recognized immediate coverage." I would reverse the grant of summary judgment in favor of the insurance company on the ground that it failed to show all facts necessary to establish its right to summary judgment, namely that it failed to show that its practice was to date life insurance policies as of the date they are issued and delivered (as the receipt says). If the practice of the insurance company is, as its agents suggest, to back date life insurance policies to the date of the application, thereby making the assurances of its agents to their applicants "speak the truth" where the applicants are still alive, and thereby making the next premiums due earlier, I would allow recovery in this and similar cases.

My reason for allowing recovery in such cases is shown by the following hypothetical: Applicant applies for insurance and pays the first monthly premium on the 10th day of the month. The policy actually is issued on the 20th day of the month but is dated the 10th to coincide with the date of the application. If applicant is alive, the policy is delivered on the 25th day of the month and applicant has been insured for 15 days and owes the next monthly premium in 15 days. But, if applicant has since died, the policy cannot be delivered to applicant and there has been no insurance. Thus, the insurance company, by the practice described above, if that is its practice, receives one-half the monthly premium without risk. Under such circumstances I would allow recovery in an action for specific performance.

In the case before us, the insurance company moved for summary judgment but failed to negative the possibility suggested by its agents that its practice is to date policies as of the date of the application. I, therefore, would reverse the grant of summary judgment.

I am authorized to state that Justice Smith and Justice Weltner join in this dissent.