## 68616. WHITMIRE v. COLONIAL LIFE & ACCIDENT INSURANCE COMPANY.
### (323 SE2d 843)

POPE, Judge.

On December 1, 1982 appellant met with appellee's agent and applied for two separate policies of insurance: one for life insurance and one for accident and sickness insurance. Appellant's application for life insurance on herself and her husband also sought such coverage of her nineteen-year-old son under a dependent child rider. The application, which was forwarded to the company, stated that the son had undergone surgery for cancer of the colon in November 1982. According to appellant, the agent assured her that life insurance coverage of her son would not be precluded by his medical condition. Appellant's son died January 3, 1983. Appellee refused to pay appellant's life insurance benefits pursuant to the dependent child rider, whereupon appellant filed suit seeking such payment along with penalties and attorney fees. Appellee answered denying the claim as well as issuance of the policy. The trial court granted appellee's subsequent motion for summary judgment from which appellant brings this appeal. We affirm.

We find the facts of this case to be sufficiently similar to and thus governed by *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17 (147 SE2d 5) (1966). In this case and in *Sasser*, no life insurance policy had been issued. Further, in both cases the managers of the respective insurer's underwriting departments submitted affidavits stating that the applications for life insurance, when considered, had been declined. In the present case, the underwriting manager swore that appellant's son would not have been insured for two reasons. First, the maximum age of an insurable dependent is eighteen years of age. Appellant's son was nineteen years old at the time she applied for life insurance for him under the dependent child rider. Moreover, the affidavit stated that appellant's son was considered under appellee's underwriting procedures to be uninsurable under any rating due to the fact that he had undergone treatment (surgery) for cancer during the year preceding the application.

" 'An application for insurance is a mere offer,' [cit.], and the company is free to accept or reject it. [Cit.] Unless the offer is accepted by the company no contract ever comes into existence and no liability can arise . . . 'So long as the application is not acted upon by the company, no contract of insurance is consummated, and where

the applicant dies before the acceptance of his application, the company has incurred no liability. [Cit.]' *Paulk v. State Mut. Life Ins. Co.*, 85 Ga. App. 413 (69 SE2d 777) [(1952)]." *Sasser v. Coastal States Life Ins. Co.*, supra at 19. Even with the concurrent prepayment of premiums as alleged by appellant, no binding contract of life insurance is created until the insurer manifests its acceptance. *Atkinson v. American Agency Life Ins. Co.*, 165 Ga. App. 102 (1) (299 SE2d 600) (1983).

Further, any assurances by the soliciting agent as to the insurability of appellant's son are of no legal effect in this case. "No verbal assurance of the agent to the applicant or to the proposed beneficiary that the applicant was insured from the date of the application could bind the company or constitute a contract of insurance. [Cit.] The application itself provided that no statement made by anyone should bind the company unless in writing and submitted to the company with the application. This was a valid and binding provision. [Cits.]" *Sasser v. Coastal States Life Ins. Co.*, supra at 21. Accord *Thomas v. Union Fidelity Life Ins. Co.*, 168 Ga. App. 267 (1) (308 SE2d 609) (1983), and cases cited therein.

We find no error in the trial court's grant of summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 31, 1984 —
REHEARING DENIED NOVEMBER 20, 1984.

*Scott Walters, Jr.*, for appellant.
*Daniel A. Angelo*, for appellee.