A89A0672. BEDGOOD v. WOODMEN OF THE WORLD LIFE
INSURANCE SOCIETY.
(382 SE2d 421)

SOGNIER, Judge.

Alfred Bedgood brought suit against Woodmen of the World Life Insurance Society (Woodmen) alleging that he, as beneficiary, was entitled to the proceeds of a life insurance policy Woodmen had issued to Connie Mae Bedgood, his wife, prior to her death. The trial court granted Woodmen's motion for summary judgment and Bedgood appeals.

The basic facts are not disputed. Appellant's decedent applied for a $25,000 life insurance policy with appellee on October 31, 1986. Clinton Collins, appellee's field representative, filled out the application; appellant's decedent then signed it and paid the initial month's premium of $24. Construing the evidence in appellant's behalf, as respondent on motion for summary judgment, Collins informed appellant and his decedent that the life insurance policy was in effect when the premium was paid, i.e., October 31st. The application in question, which states it is an "application for membership to the Woodmen of the World Life Insurance Society . . . Omaha, Nebraska," refers throughout to appellant's decedent as the "proposed insured" and provides in Section D that "[e]xcept for coverage which may be provided in the CONDITIONAL INSURANCE AGREEMENT, no insurance will be in force because of this application until it has been approved and at least one monthly premium has been paid to the Society." Appellant's decedent died on December 2, 1986, prior to any action by appellee accepting or approving the contract of insurance.

We find no error in the trial court's grant of summary judgment in favor of appellee. Appellant does not assert that any action by appellee rendered the contract of insurance effective, but rather argues that appellee is bound under the policy as a result of Collins' statements. However, as the trial court correctly noted, Collins' statement to appellant's decedent cannot constitute an effective binder since it is uncontroverted that no written document reflecting Collins' statement was received by appellant's decedent and the statutory exception providing that binders may be oral or written does not apply to life insurance. OCGA § 33-24-33 (d). "Further, we note that '(n)o ver-

bal assurance of the agent to the applicant or to the proposed beneficiary that the applicant was insured from the date of the application could bind the (insurance) company or constitute a contract of insurance. [Cit.]' [Cits.]" *Thomas v. Union Fidelity &c. Ins. Co.*, 168 Ga. App. 267, 268 (1) (308 SE2d 609) (1983). Appellant's arguments regarding estoppel and fraud are controlled adversely to him by *Thomas*, supra at 269 (3 and 4). Nor do we find any error in the trial court's interpretation of the contract language to the effect that the "approval" referenced in Section D is approval by appellee, not by appellee's field representative. See generally *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 174 (53 SE2d 235) (1949); see also *Woodmen of the World Life Ins. Soc. v. Etheridge*, 223 Ga. 231 (154 SE2d 369) (1967) (revg. s.c. 114 Ga. App. 807 (152 SE2d 773) (1966), which had overruled *Maddox*, supra).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1989.

*Rountree & Cadle, Richard M. McNeely,* for appellant.
*Millard B. Shepherd, Jr.,* for appellee.