A90A0761. ROBERTSON v. LIFE INSURANCE COMPANY OF GEORGIA.
(396 SE2d 35)

SOGNIER, Judge.

Donna Robertson, individually and as the temporary administratrix of the estate of her husband, Aubrey Robertson, brought suit against Life Insurance Company of Georgia seeking to recover life insurance benefits under a policy applied for by her decedent in May 1988. It is uncontroverted that Life Insurance Company rejected the application. Its agent averred he received the rejection notice the week of July 11, 1988 and made four attempts to deliver it. The agent succeeded in delivering the rejection notice on July 25, 1988, the day after Aubrey Robertson was killed in an automobile accident. The trial court granted Life Insurance Company's motion for summary judgment, and Robertson appeals.

We affirm. "An application for insurance is a mere offer, and the [insurance] company is free to accept or reject it. Unless the offer is accepted by the company no contract ever comes into existence and no liability can arise. So long as the application is not acted upon by the company, no contract of insurance is consummated, and where the applicant dies before the acceptance of his application, the company has incurred no liability." (Citations and punctuation omitted.) *Whitmire v. Colonial Life &c. Ins. Co.*, 172 Ga. App. 651-652 (323 SE2d 843) (1984). Even the concurrent prepayment of a $16 premium by appellant's decedent created no binding contract of life insurance in the absence of appellee's acceptance of the application. Id. In view of the long established case law supporting the above position, including controlling opinions by the Supreme Court, see, e.g., *New York Life Ins. Co. v. Babcock*, 104 Ga. 67, 70-71 (30 SE 273) (1898), we decline appellant's invitation to adopt the theory of "interim insur-

ance," under which an insurer who has received an application accompanied by a prepaid premium is liable to the applicant for coverage under the applied-for policy in the interim between the submission of the application for insurance and the applicant's receipt of the rejection notice, based on the rationale that the insurer is otherwise unjustly enriched by its receipt of interest from the prepaid premium. Our rejection of this theory renders it unnecessary for us to address appellant's enumeration asserting her entitlement to discover documents purportedly demonstrating the pecuniary benefit appellee received by retaining the $16 prepaid premium.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1990 —
REHEARING DENIED JULY 11, 1990. — CERT. APPLIED FOR.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellants.

*Doremus & Jones, Bobby Jones*, for appellee.