A91A0547. MOORE v. NEBB et al.
(407 SE2d 411)

BEASLEY, Judge.

Elise Powers, as administratrix of the estate of her husband Thomas Powers, sued to recover benefits under an insurance policy

on his life. Teresa Moore, daughter of Thomas Powers and the designated beneficiary under the policy, was substituted as the sole plaintiff.

Defendant Life Insurance Company of Virginia prepared a policy on the life of Thomas Powers as a result of his application. Defendant Nebb, an insurance agent, delivered the policy to Powers on November 10, 1987. Powers took the policy but no payment was made. Powers was killed in an automobile accident on November 15.

It was alleged by plaintiff that Powers accepted the policy, that he and Nebb agreed that Nebb would return two days later to receive the first premium, that immediate payment was waived, and that although Powers was ready and able to pay the premium, Nebb negligently failed to return for it.

Nebb and Life of Virginia admitted that a policy was delivered to Thomas Powers but defended on the premise that the policy was not an executed contract but was merely a counteroffer which was only physically loaned to Powers while he decided whether to accept it by payment of the premium. Summary judgment to them is appealed from.

Moore's contentions are fraught with insurmountable legal obstacles. OCGA § 33-24-33 (d); *Bedgood v. Woodmen &c. Society*, 191 Ga. App. 644 (382 SE2d 421) (1989); *Thomas v. Union Fidelity &c. Co.*, 168 Ga. App. 267, 268 (1) (308 SE2d 609) (1983). *Thompson v. Pate*, 193 Ga. App. 418 (388 SE2d 30) (1989); *Sutker v. Penn. Ins. Co.*, 115 Ga. App. 648, 653 (155 SE2d 694) (1967); *Saddler v. Cotton States &c. Ins. Co.*, 101 Ga. App. 866, 869 (115 SE2d 398) (1960). Even if this were not so, the portion of the record Moore cites as sustaining her theory instead conclusively negates her right to recover. The proof shows that Powers declined to pay the premium when he was offered the policy, sought to retain it for the purpose of examination by a consultant, and requested that Nebb attempt to obtain another policy with a lower premium.

The only testimony that even remotely related to a purported agreement between Nebb and Powers was given by Elise Powers in deposition. She stated that sometime after Thomas Powers' death, Nebb told her "he was supposed to pick up a check on Thursday [November 12]." But Thomas Powers never executed a check for the premium. Nebb explained that on November 12 he sought again to encourage Powers to pay the premium, offering to come by and pick up a check, but Powers refused. Nothing in the record shows that a duty was placed on Nebb to obtain a check from Powers.

Under the evidence the policy never was consummated. *Saddler*, supra. Summary judgment for defendants was demanded.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 28, 1991.

*Blank & LaChance, A. Russell Blank*, for appellant.
*Bouhan, Williams & Levy, James M. Thomas, Peter D. Muller*, for appellees.