A92A0767. ACADEMY LIFE INSURANCE COMPANY
v. JOHNSON.
(426 SE2d 34)

ANDREWS, Judge.

Mrs. Johnson brought this lawsuit against Academy Life after her claim against the company for life insurance benefits was denied. Academy Life filed a motion for summary judgment which the trial court denied and we granted Academy Life's application for interlocutory review to consider that denial.

On November 16, 1989, Donald Johnson, the decedent, completed an application for life insurance with Academy Life. At the top of the application form which he completed, in bold letters, are the words "PROPOSED INSURED," after which various information is requested of the applicant. Several other references are made on the first page of the application to the "proposed insured." On the second page of the application are 19 medical and insurance coverage questions to which the "proposed insured" must respond. At the bottom of that page is a paragraph which states:

"The persons signing below agree that all the answers given in this application and in any medical examination are complete and true to the best of our knowledge and belief; all the answers and this agreement shall form the basis and become a part of any policy issued. THE POLICY WILL TAKE EFFECT AS OF THE ISSUE DATE UPON DELIVERY AND PAYMENT OF THE FIRST PREMIUM DURING THE LIFETIME OF ALL PERSONS TO BE INSURED; HOWEVER, IF PAYMENT IS BY GOVERNMENT ALLOTMENT, WE SHALL HAVE NO LIABILITY UNTIL AN ALLOTMENT FORM HAS BEEN POSTED AND CERTIFIED. IF PAYMENT IS BY GOVERNMENT ALLOTMENT AND IN AN AMOUNT LESS THAN REQUIRED TO PROVIDE INSURANCE FOR THE FACE AMOUNT APPLIED FOR, WE MAY ADJUST THE FACE AMOUNT TO THE AMOUNT SUCH ALLOTMENT WILL BUY."

\* \* \*

"I UNDERSTAND information obtained by use of this Authorization will be used by Academy Life Insurance Company to determine eligibility for insurance. . . . I have read this Authorization and agree that a copy will be attached to any policy issued."

Beneath this paragraph, the signature of the "proposed insured" is requested and that of the "proposed insured's spouse." Beneath these signatures is a space for the "Agent's Report" in which the agent agrees that "I submit this application, assuming full responsibility for delivery of any policy issued and for payment of the first premium thereon to the company. I know of no condition affecting the insurability of any Proposed Insured not fully set forth herein."

In addition to this form application, on the same date Johnson also completed a form entitled "Applicant's Supplemental Health Questionnaire" in which he elaborated on certain medical conditions. He wrote a check to the company, dated November 17, 1989, for the first premium on the policy, which he gave to the agent, and which was subsequently deposited in the bank by the company.

At some point in December 1989, Mr. Johnson died. At the time of his death, no policy had been delivered, nor had a policy issued.

Mrs. Johnson submitted a claim for life insurance benefits, which claim Academy Life denied on the basis that the policy had not been issued or delivered at the time of the death. On April 1, 1991, Mrs. Johnson filed the instant lawsuit for benefits and various costs. Attached to her complaint was a letter from a representative of Academy Life which stated that at the time of Mr. Johnson's death, no policy had issued, and that "if Mr. Johnson had lived, no policy would have been issued because of his medical condition." Academy Life filed its motion for summary judgment with its answer to the complaint.

The essence of Mrs. Johnson's argument that coverage exists is that the only requirement for issuance of the policy was payment of the first premium and that the application's language supports this interpretation. Mrs. Johnson bases this argument on the following language from the application: "THE POLICY WILL TAKE EFFECT AS OF THE ISSUE DATE UPON DELIVERY AND PAYMENT OF THE FIRST PREMIUM." She argues that this language is at least ambiguous and that parol evidence should be admissible. Accordingly, in response to the motion she submitted an affidavit, in which she swore that the agent who presented the application assured the Johnsons that "Donald would be insured by Academy so long as what Donald had put down was the truth and we paid our regular premiums."

"The general rule is that an application for insurance, even with the concurrent prepayment of premiums, creates no binding contract of insurance until the insurer manifests its acceptance." (Citations and punctuation omitted.) *Atkinson v. American &c. Ins. Co.*, 165 Ga. App. 102, 103 (1) (299 SE2d 600) (1983); see also *Thomas v. Union &c. Ins. Co.*, 168 Ga. App. 267 (308 SE2d 609) (1983); aff'd, 252 Ga. 259 (312 SE2d 333) (1984); *Whitmire v. Colonial &c. Ins. Co.*, 172 Ga. App. 651 (323 SE2d 843) (1984); *Robertson v. Life Ins. Co. of Ga.*, 196 Ga. App. 294 (396 SE2d 35) (1990). This rule is controlling here, and the trial court erred in failing to grant Academy Life's motion for summary judgment.

Johnson relies upon *North Carolina &c. Ins. Co. v. Bailey*, 185 Ga. App. 191 (1) (363 SE2d 586) (1987), in which coverage was found because a receipt for payment which was given to the applicant explicitly so provided. Johnson's reliance on *Bailey* is misplaced, since here there was no receipt which indicated that coverage had begun, nor does the application indicate that coverage began upon payment. The application clearly states that the policy will be effective upon its *issue date*. The "delivery and payment of first premium" are conditions to the issuance, but do not change the effective date of the policy. Johnson's arguments that the policy is ambiguous as to when the policy takes effect and that parol evidence is admissible are without

merit and accordingly, no issues of fact remain in the case.[1] See generally *Bedgood v. Woodmen of the World*, 191 Ga. App. 644 (382 SE2d 421) (1989); OCGA § 33-24-16.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 18, 1992 —
RECONSIDERATION DENIED DECEMBER 2, 1992 

*Chilivis & Grindler, Anthony L. Cochran*, for appellant.
*Cofer, Beauchamp & Butler, Frank R. Seigel*, for appellee.

---

[1] Because we have reached our conclusion without regard to the additional documents which Academy Life filed after the trial court's decision, we need not address arguments pertaining to the propriety of this supplementation.