A93A1623. WALTON v. PRUDENTIAL INSURANCE COMPANY et al.
(435 SE2d 289)

Blackburn, Judge.

Appellant Annie Walton appeals the trial court's award of summary judgment to appellee Prudential Insurance Company And Servicemen's Veterans Group Life Insurance (hereinafter referred to as Prudential). The underlying action was brought by Walton against Prudential to obtain benefits on an alleged life insurance policy issued to John Walton.

The undisputed facts show that in May 1986, Mr. Walton applied for and eventually received a life insurance policy from Prudential. In October 1986, Mr. Walton failed to pay the full $20 premium, and in January 1987, Mr. Walton's policy was terminated for failure to pay premiums.

In July 1987, Mr. Walton was diagnosed with lung cancer and a brain tumor. Thereafter, in August 1987, Mr. Walton requested a reinstatement application from Prudential. On August 31, 1987, Mr. Walton signed an incomplete application and submitted it to Prudential, along with a $60 reinstatement fee, and $6 as a monthly premium. It is undisputed that Mr. Walton did not complete questions 1-6 of the application, which relate to the health of the applicant.

On November 12, 1987, Mr. Walton died as a result of lung cancer. Thereafter, on December 2, 1987, Prudential, unaware of Mr. Walton's death, returned the reinstatement application for completion by Mr. Walton and noted that it could not consider his application due to the incomplete information and his failure to provide the full monthly premium of $20. The health questions were honestly completed, with the exception that Mr. Walton's death was not noted, and the application was submitted to Prudential's underwriting department for a determination. Prudential underwriters determined that Mr. Walton was uninsurable due to his inability to provide evidence of his good health.

The life insurance policy issued to Mr. Walton in October 1986, provided that upon termination for failure to pay premiums, "the member's Full-Time Coverage may be reinstated within 3 years after termination thereof . . . under the following conditions: (a) evidence

of good health of the member satisfactory to the Insurance Company is furnished to the Office, without expense to the Insurance Company, and (b) payment of (i) the premium for the period commencing on the effective date of the reinstatement and extending to the premium due date occurring one month or more after the effective date of the reinstatement, and (ii) the monthly premium for the grace period allowed immediately following the due date of the premium for non-payment of which the member's Full-Time Coverage terminated."

On appeal, Walton asserts that the lapse of time between the submission of Mr. Walton's reinstatement application and any notice of problems with the application, combined with Prudential's retention of $6 for the first month's premium manifests Prudential's acceptance of his application. We cannot agree. "The general rule is that an application for insurance, even with the concurrent prepayment of premiums creates no binding contract of insurance until the insurer manifests its acceptance." (Citations and punctuation omitted.) *Academy Life Ins. Co. v. Johnson*, 206 Ga. App. 551, 553 (426 SE2d 34) (1992).

Walton argues that the express mention in the insurance contract of non-binding acceptance of a reinstatement fee implies that demand and receipt of additional fees must be binding. Walton cites to the Supreme Court's decision in *Sovereign Camp Woodmen of the World v. Heflin*, 188 Ga. 234, 235 (3 SE2d 559) (1939) for the maxim, expressio unius est exclusio alterius, meaning the express mention of one thing implies the exclusion of another, contending that it supports her position. The facts in *Heflin* are distinguishable from the present case. In *Heflin*, the insurance policy provided for reinstatement of the policy forfeited for non-payment of premiums by payment of the reinstatement premium within a prescribed period. The policy further noted that the premium was taken as a warranty that the applicant was in good health and would remain in good health for 30 days. Id. The court held that "the unconditional acceptance of premiums accruing *after* the 30-day period will operate to estop the association from raising the question that the insured did not remain in good health during the 30-day period. . . ." Id. at 236. In the present case, Prudential's policy required evidence of good health prior to its reinstatement. Therefore, the general rule discussed in *Johnson*, supra, applies and it supports the trial court's award of summary judgment to Prudential.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 20, 1993.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse,* for appellant.

*Miller, Simpson & Tatum, John M. Tatum,* for appellees.