40602. ROWELL v. GEORGIA CASUALTY & SURETY COMPANY.

DECIDED APRIL 7, 1964—
REHEARING DENIED APRIL 29, 1964.

*W. B. Mitchell,* for plaintiff in error.

*Harris, Russell & Watkins, T. Reese Watkins, John C. Scarborough, Jr.,* contra.

JORDAN, Judge. This was a suit to recover the amount of money expended by the plaintiff to settle two tort actions brought against him in the Superior Court of Crawford County, arising out of a collision on September 10, 1961, involving an automobile owned by the plaintiff which was allegedly insured by the defendant insurance company under a policy of automobile liability insurance. The trial court sustained the defendant's general demurrers to both counts of the plaintiff's petition and the exception is to that judgment.

■ "A suit cannot be maintained upon a parol renewal of an insurance policy." *Nowell v. Mayor &c. of Monroe,* 177 Ga. 648, 661 (171 SE 136). The allegations of the petition disclosed that the written policy of automobile liability insurance issued by the defendant to the plaintiff had expired on July 20, 1961, which was prior to the occurrence out of which the company's alleged liability arose; and count 1 of the petition being predicated upon an alleged parol renewal of said policy by the general agent of the defendant insurance company was insufficient to set forth a cause of action to recover on said policy as against general demurrer. *Roberts v. Germania Fire Ins. Co.* 71 Ga. 478.

■ The plaintiff alleged in paragraph 4 of count 2 of the petition that: "C. R. Avera, the general agent of defendant by

oral agreement on June 1, 1961 to be effective from July 20, 1961, issued an oral binder to bind the company on a policy of insurance identical to the attached exhibit to the original petition [said exhibit being the policy issued by the defendant company to the plaintiff on July 20, 1960, which by its terms expired on July 20, 1961] until a policy could be issued by the company."

It is contended that these allegations were sufficient to show the issuance of a binder or temporary contract of insurance by the defendant company, and that said binder was in force and effect and afforded liability insurance coverage at the time of the occurrence complained of, under the provisions of *Code Ann.* § 56-2420 as follows: "Binders—(1) Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except as superseded by the clear and express terms of the binder.

"(2) No binder shall be valid beyond the issuance of the policy with respect to which it was given, or beyond 90 days from its effective date, whichever period is the shorter, provided this shall not apply to excess or surplus line insurance.

"(3) If the policy has not been issued a binder may be extended or renewed beyond such 90 days with the written approval of the Commissioner, or in accordance with such rules and regulations relative thereto as the Commissioner may promulgate.

"(4) This section shall not apply to life or accident and sickness insurance."

The allegations of paragraph 4 of count 2 of the petition are clearly sufficient to show the execution and existence of the necessary elements of a valid binder or temporary contract of insurance (See *Queen Ins. Co. v. Hartwell Ice &c. Co.*, 7 Ga. App. 787, 68 SE 310); and since under the Act of 1960 (Ga. L. 1960, pp. 289, 667; *Code Ann.* § 56-2420) such elements do not need to be embraced in writing but may be in parol, this count of the petition was sufficient to allege the existence of a

valid binder or temporary contract of insurance between the plaintiff and the defendant company.

The defendant insurance company contends, however, that since under the allegations of the petition the binder was executed on June 1, 1961, while the defendant's liability under said binder was predicated upon the automobile collision of September 10, 1961, a date more than 90 days from the date on which the binder was issued, said binder was invalid at the time of the loss under the provisions of *Code Ann.* § 56-2420. This contention is without merit. *Code Ann.* § 56-2420 provides that a "binder shall not be valid beyond the issuance of the policy with respect to which it was given, or *beyond 90 days from its effective date,* whichever period is the shorter. . ." (Emphasis supplied). The effective date of a contract of insurance is the time fixed in the contract for the commencement of the risk as opposed to the date upon which the contract is executed or issued. *Pilgrim Health &c. Ins. Co. v. Milledge,* 107 Ga. App. 77 (129 SE2d 80). It was alleged in the petition that the binder was to be effective from July 20, 1961, and the occurrence which constituted the basis of this action took place within 90 days of this date, within the provisions of *Code Ann.* § 56-2420.

It is a settled principle of law that the time when an insurance policy shall become effective is an essential element of the contract, and that parties may fix a future date upon which it shall become effective, *Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269, 272 (29 SE2d 71); and we know of no authority for the proposition that such principle is inapplicable to binders or temporary contracts of insurance. While a binder has been defined as "a contract of insurance *in praesenti* [Emphasis supplied], temporary in its nature, intended to take the place of an ordinary policy until the same can be issued" (*Fort Valley Coca-Cola Bottling Co. v Lumbermen's Mut. Cas. Co.,* 69 Ga. App. 120, 124, 24 SE2d 846), the term "in praesenti" which means "at the present time" (Black's Law Dictionary, 4th ed., p. 899) was used in the *Lumbermen's* case to distinguish a binder or a temporary contract of insurance from a mere offer; and this case is not authority for the principle that parties to a binder may not fix a date in the future for said insurance to become effective, as

contended by the defendant company. That a binder may become effective at a date other than that upon which it is executed is clearly anticipated by *Code Ann.* § 56-2420 since it is expressly provided therein that no binder shall be valid more than 90 days from *its effective date*.

In answer to the further argument of the defendant insurance company that to allow an oral binder or temporary contract of insurance to be executed with a future effective date, which coincides with the expiration date of a pre-existing written policy of insurance, in effect and as a practical matter overrides or nullifies the principle of law which prohibits the parol renewal of a policy of insurance, we need only point out that such is the necessary operation of *Code Ann.* § 56-2420, in a case such as this, if the plain and unambiguous language of said Code section is to be given effect as this court must do.

Count 2 of the petition stated a cause of action and the trial court erred in sustaining the general demurrer thereto.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*