70764. RAY et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(337 SE2d 779)

BEASLEY, Judge.

Clifton and Ronald Ray were the owners of an unoccupied wood frame building destroyed by fire on May 15, 1983. The previous February 10, Ronald Ray had contacted Kenneth Smiley, an agent for Georgia Farm Bureau Mutual Insurance Company from whom Ray had obtained all of his insurance and who was authorized to bind the company, about insuring trailers for a mobile home park. Ray also told the agent he wanted him to go look at the frame building because he wanted to insure it for about $35,000 if he could. Smiley told Ray that "he would take care of it." Approximately one month later, Ray called the agent and asked: "Did you ever get my figures together on the house and I've also got a truck that I need to insure." In regard to the insurance on the house, Smiley responded: "[N]o, don't worry

about it. I'm taking care of it." After the second conversation, Ray stopped by the agent's office to pay the premium for insurance on the truck and to pick up the policy. Ray spoke with Smiley's secretary and inquired of her: "Has Kenny got me an amount on the house yet? I've got a C & R check with me, too. I want to pay that while I'm here." Smiley's secretary responded to the question: "Kenny's taking care of that. Don't worry about it." No written binder or policy for insurance was ever issued to cover the building nor was Ray notified of any premium amount. Following the fire, Ray contacted Smiley to lodge his claim with the insurer. Ultimately, the insurance company denied the claim on the ground that the building had in fact not been insured.

The Rays sued the insurance company alleging that as a result of the negligence of its agent Smiley, the building was not insured at the time of the fire and so that they sustained $35,000 compensatory damages plus attorney fees for stubborn litigiousness.

The insurance company sought summary judgment on the ground that no contract for insurance existed and that through its agent it never orally, by writing, or in any manner whatsoever, issued a binder or policy, or indicated it would insure or intended to insure the property. The parties stipulated certain facts and further, that the Rays contended that an oral binder for insurance was created on February 10 and that the insurance company contended that no binder was ever issued in any manner whatsoever. The trial court granted summary judgment on the basis that even if there was an oral binder created on February 10, the fire loss occurred more than ninety days from the effective date of the oral binder, that also being February 10. Therefore, the court reasoned, the claim was precluded as a matter of law by the statutory time limit for insurance binders. The Rays appeal.

First of all, plaintiffs brought this as a negligence case and not as a suit on a contract. Their complaint is that because of the agent's negligence, they have no insurance and as a consequence have lost $35,000 by the fire. The insurance company denied it ever became obligated to provide insurance. As the case developed below, it never got past the point of determining whether or not there was a binder and, if so, when it was created and when it became effective. The court made the determination that the contentions and evidence demanded a finding of fact that there was no binder in effect on the date of the fire and thus plaintiffs could not recover. The problem is two-fold: one, the evidence is in dispute as to the nature of the February 10 conversation and the March conversation, considering all the circumstances and the business relationship of the parties; two, if a jury should find that a binder was created and effective February 10, which expired before the fire due to the operation of OCGA § 33-24-

33 (b),[1] then the question remains whether defendant's agent was negligent in failing to secure the written policy on time. Thus, even if the evidence demanded a finding that the binder was created and effective on February 10, defendant would not be entitled to summary judgment because this is a negligence case and not a contract case. The duty issue remains.

There is evidence which could support a finding that the binder was created and effective on February 10. A binder may be oral. *Thomas v. Union Fid. Life Ins. Co.*, 168 Ga. App. 267, 268 (1) (308 SE2d 609) (1983), aff'd 252 Ga. 259 (312 SE2d 333) (1984). "The language or conduct necessary to create the contract is simply that which is enough to show that there has been a meeting of the minds. 'The most common expression used by agents is, "You're covered," but anything from the contraction "O.K." to a receipt for premiums may constitute a binder if the circumstances would lead a reasonable man to conclude such was the intention.'" *Greene v. Commercial Union Ins. Co.*, 136 Ga. App. 346, 347 (1) (221 SE2d 479) (1975). Even such terms as amount of premium and kind and limits of insurance may be inferred from the course of dealing between the parties. Id. Here, the agent and Ronald Ray had an extensive history of business transactions, including Ray's homeowner's insurance, life insurance, and automobile insurance, some of which transactions were conducted orally by phone. In his deposition, for example, Ray stated that the binder for his homeowner's insurance was procured from Smiley over the phone. Ray also said the agent told him the premium for insurance on the building would be more than the premium for insurance on Ray's residence. There is also evidence that it was created then and effective in March, or both created and effective in March, since Ray discovered then that it had not yet been taken care of.

The insurance company contends that inasmuch as in response to its request for admissions the Rays admitted that any oral binder was based on the February 10 conversation with the agent, the matter is "conclusively established" under OCGA § 9-11-36 (b). But the response is that the binder is based on the February 10 conversation and further conversations with the agent.

The insurance company also contends that inasmuch as plaintiffs stipulated their position that an oral binder came into existence on February 10, such stipulation not having been withdrawn constitutes a conclusive solemn admission in judicio under OCGA § 24-4-24. But it is merely a contention and not a stipulation of substantive fact. Moreover, the effective date of a contract for temporary insurance is

---

[1] "No binder shall be valid beyond the issuance of the policy with respect to which it was given or beyond 90 days from its effective date, whichever period is the shorter, . . ."

the time fixed in the contract for the commencement of the risk as opposed to the date upon which the contract is executed or issued. *Rowell v. Ga. Cas. &c. Co.*, 109 Ga. App. 631, 633 (2) (136 SE2d 917) (1964). That a binder may become effective at a date other than that upon which it is executed is clearly anticipated by OCGA § 33-24-33 (b) since it is expressly provided that no binder shall be valid more than 90 days from *its effective date.* Id. at 634. The Rays did not admit that it was effective February 10 and certainly neither did the insurance company. Finally, as the insurance company contends, the events and circumstances can be construed to have created no binder ever.

What does all of this do to the negligence action? The only basis upon which the insurance company would be entitled to summary judgment is upon a finding that there was an effective binder on the date of the fire. That would preclude negligence and damages for negligence, because plaintiffs would be able to recover their losses under the contract of insurance to which the agent had bound the company. The record does not demand the findings of fact which would be necessary to reach such a conclusion. Finally, it is not established that there was no breach of a legal duty to obtain a binder or to secure a policy before a binder lost efficacy, which duty may have arisen out of the relationship of the parties and the words and conduct of the agent and reliance by the client. If there was *no* contract, or a contract which was allowed by the agent to expire, the unresolved question is whether there was a tort. "A tort is the unlawful violation of a private legal right other than a mere breach of contract . . . [It] may also be the violation of a public duty. . . ." OCGA § 51-1-1. "Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action." OCGA § 51-1-8. See *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 148 (281 SE2d 586) (1981). The duty arising from an express contract would be the situation if the jury found a binder which had expired.

Even if the jury were to find no binder had been created at all, could a jury find that a duty on the part of the agent to the Rays had arisen, the breach of which might sustain a cause of action for negligence? That question addresses itself to the finder of fact. " 'One who, by a gratuitous promise or other conduct which he should realize will cause another reasonably to rely upon the performance of definite acts of service by him as the other's agent, causes the other to refrain from having such acts done by other available means is subject to a duty to use care to perform such service or, while other means are available, to give notice that he will not perform.' " *Mixon v. Dobbs Houses*, 149 Ga. App. 481, 483 (254 SE2d 864) (1979).

The evidence on summary judgment by defendant must be con-

strued most strongly in favor of the Rays. See *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227) (1983). The burden is on the defendant who moves for summary judgment to produce evidence which conclusively negates an essential element entitling the respondent to recover under every theory that may be drawn fairly from the pleadings and the evidence. *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983); *Saunders v. Vikers*, 116 Ga. App. 733, 734 (2) (158 SE2d 324) (1967). The insurance company did not meet its burden here.

The grant of summary judgment to appellee is reversed.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 7, 1985.

*Leon M. Braun, Jr., Richard D. Phillips*, for appellants.
*C. Paul Rose, Jr., Rene D. Kemp*, for appellee.