### 71709. REUSS v. TIME INSURANCE COMPANY.
(340 SE2d 625)

BANKE, Chief Judge.

The appellant filed this suit to recover benefits allegedly due him under a policy of health insurance issued by the appellee, Time Insurance Company. The appeal is from an order granting summary judgment to Time and denying summary judgment to the appellant.

In 1976, the appellant elected to undergo a sterilization procedure known as a vasectomy. The health insurance policy at issue in this case took effect in March of 1983. In the summer of 1984, while the policy was still in force, the appellant underwent a vasovasotomy, which is a surgical procedure designed to reverse a vasectomy and restore fertility. Both the decision to have the vasectomy and the decision to have the vasovasotomy were voluntary and unrelated to any disease, illness, or injury on the part of the appellant.

Listed under the heading "Covered Charges" in the policy is the following provision: "Sterilization expense. Expense incurred due to sterilization will be covered." Appearing on the first page of the policy, however, is the following, arguably inconsistent language: "Time agrees to pay you for Covered Charges *which result from injury or sickness* based on policy provisions." (Emphasis supplied.) The appellee insurance company contends that it is not liable for any expense associated with the vasovasotomy because such expenses cannot be attributed to "injury or sickness," while the appellant contends that

the expenses are specifically covered as charges "incurred due to sterilization." *Held*:

Because sterilization may be undertaken as an elective procedure for birth control purposes, rather than as a treatment for injury or sickness, and because the appellant's policy clearly purports to cover expenses for sterilization in general, it necessarily follows that the language appearing on the face of the policy was not intended to exclude coverage for every charge which does not result from injury or sickness. Nevertheless, we agree with the trial court that the appellant's vasovasotomy expenses are not covered, for immediately preceding the list of "covered charges" contained in the policy appears the following definition: "Covered Charges means services, treatment and supplies prescribed by the Attending Physician. *The services, treatment, supplies and the resulting charges must be usual, customary and necessary.*" (Emphasis supplied.) Although a broad construction of the phrase "[e]xpense incurred due to sterilization" might encompass expenses incurred for the reversal of a successful vasectomy, such expenses may not reasonably be considered "usual, customary, and necessary" to the performance of a vasectomy.

Where the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, no other construction is permissible. See *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458) (1975); OCGA § 13-2-3. The trial court accordingly did not err in granting the appellee's motion for summary judgment, nor in denying the appellant's motion.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986 —
REHEARING DENIED FEBRUARY 5, 1986.

*Robert Crawford Edwards*, for appellant.
*Harvey S. Gray, David H. Bedingfield*, for appellee.