73818. KARP v. WESTERN LIFE INSURANCE COMPANY.
(356 SE2d 893)

SOGNIER, Judge.

Cindy Beth Karp, beneficiary of her deceased husband's life insurance policy, sued Western Life Insurance Company to recover $150,000 in additional proceeds applied for by the decedent approximately three months before his death. The trial court granted summary judgment to the insurer and Karp appeals.

The record reveals that in April 1983, the decedent purchased life insurance in the face amount of $100,000 from appellee through Russell Simmons, an insurance broker. The policy was issued without requiring the decedent to undergo a medical examination. Six months later, again dealing with Simmons, the decedent applied and paid the premium for an increase in the face amount of the policy from $100,000 to $250,000. It is uncontroverted that Simmons told appellant and the decedent the additional coverage could be issued without a medical examination. In addition, appellant alleges Simmons informed them the increased coverage would be effective immediately, although this allegation is denied by Simmons. The record further shows that approximately two weeks after filling out the application for increased coverage, the decedent was diagnosed as suffering from

inoperable esophageal cancer, which resulted in his death on January 26, 1984. Upon receipt of appellant's claim, appellee paid the proceeds of the $100,000 policy, but refused to honor the claim for the increased amount.

Appellant contends the trial court erred by granting summary judgment to appellee because genuine issues of fact remained regarding whether Simmons was appellee's agent and thus, whether appellee, by means of Simmons' representations to appellant and the decedent, was bound to provide the increased amount of insurance "effective immediately." While we agree with appellant that there is a fact issue concerning Simmons' status as appellee's agent, the issue is not material to the resolution of this case. Even if Simmons' acts were sufficient to bring him within the statutory definition of "agent" in OCGA § 33-23-40 (a) (3), this does not automatically clothe him with power to issue a valid oral binder. See *Southeastern &c. Ins. Co. v. State Farm &c. Ins. Co.*, 118 Ga. App. 861, 864 (165 SE2d 887) (1968). Subsection (d) of OCGA § 33-24-33, cited by appellant, specifically excepts life insurance. *Thomas v. Union Fidelity Life Ins. Co.*, 168 Ga. App. 267, 268 (1) (308 SE2d 609) (1983); aff'd 252 Ga. 259 (312 SE2d 333) (1984). Thus, assuming appellant could have shown Simmons was appellee's agent, the representations made by Simmons would not automatically have bound appellee.

Further, assuming arguendo that Simmons was appellee's agent, "[n]o verbal assurance of the agent to the applicant or to the proposed beneficiary that the applicant was insured from the date of the application could bind the company or constitute a contract of insurance. [Cit.]" *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 21 (2(a)) (147 SE2d 5) (1966). " '[T]he expression of an opinion as to coverage [does not] work an estoppel — even against the agent who voiced it, or against his principal. [Cits.]' [Cits.]" *Thomas*, supra at 269 (3).

Finally, "[t]he general rule is that an application for insurance, even with the concurrent prepayment of premiums, creates no binding contract of insurance until the insurer manifests its acceptance. [Cits.]" *Atkinson v. American &c. Ins. Co.*, 165 Ga. App. 102, 103 (1) (299 SE2d 600) (1983). In the case sub judice, in support of its motion for summary judgment, appellee submitted the affidavit of Philip Tschumperlin, an individual underwriting officer of the company, who stated on personal knowledge that appellee, by two different actions, had indicated it did not accept the increased coverage. First, on December 7, 1983, appellee notified Simmons by explicit memorandum that according to company policy no increase in the face amount of the policy could be made effective until the anniversary date of the policy, April 14, 1984. Second, on December 13, 1983, it refunded the premium for the additional coverage to Simmons. Appellant's re-

sponse to the motion for summary judgment contains nothing which rebuts appellee's showing that it had not accepted the increased coverage at the time appellant's decedent died. Thus, there remained no genuine issue of material fact, and the trial court did not err by granting summary judgment to appellee. See generally *Bright v. Food Giant*, 177 Ga. App. 641 (340 SE2d 272) (1986).

In view of our determination that no increase in the face amount of the policy was in effect when the insured died, any issue whether misrepresentations were made by the decedent about his smoking, is not material to the decision of this case.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1987 —
REHEARING DISMISSED APRIL 22, 1987.

*James W. Smith*, for appellant.
*Eugene A. Epting*, for appellee.