### 73935. BURNS et al. v. GLEASON et al.
(358 SE2d 646)

SOGNIER, Judge.

Charles and Nancy Burns brought suit against Darrell and Lisa Gleason seeking the $15,000 down payment made by the Burnses on a house they were to purchase from the Gleasons. The trial court granted summary judgment in favor of the Gleasons and the Burnses appeal.

The parties entered into a sales contract for the purchase of appellees' home, agreeing further that for the year prior to the closing date, appellants would lease the house for a monthly rent or compensation. A document attached and made a part of the "lease purchase" contract contained special provisions (a) requiring a $15,000 non-refundable down payment, (b) setting forth the terms of the lease

agreement, and (c) providing that upon appellants' failure to pay timely the agreed-upon rent or upon the failure of the parties to close the sales contract for any reason, all monies received were non-refundable and were to "be considered liquidated damages for [appellees]." A "Move-In Agreement" referencing the sales contract was also entered into by the parties. It is uncontroverted that appellants were unable to make the required monthly payments and that they vacated the premises eight months after signing the documents.

1. Appellants contend the trial court erred by granting summary judgment to appellees because questions of fact exist whether the $15,000 down payment sum was intended by the parties to constitute liquidated damages or a penalty. Appellees correctly point out that the evidence is uncontroverted that appellants knew the $15,000 would not be refunded to them should they fail to pay the monthly rent. However, there is no evidence to rebut the allegation in appellants' complaint that the $15,000 sum, though denominated "liquidated damages," in actuality constituted a penalty.

Georgia law recognizes that parties may agree in their contract on a sum to liquidate their damages. OCGA § 13-6-7 provides "[i]f the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." " ' "The language of the instrument itself must of course be primarily looked to and considered, though the use of the words 'penalty' or 'liquidated damages' will by no means always be conclusive" . . .' " *Martin v. Lott*, 144 Ga. 660, 664 (87 SE 902) (1915). "In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' [Cits.]" *Southeastern &c. v. Real Estate &c.*, 237 Ga. 227, 230 (227 SE2d 340) (1976). The record in the case sub judice, which contains no affidavits or other evidence from appellees and consists mainly of the deposition testimonies of appellants, fails to address any one of the three matters enumerated in *Southeastern* in order to rebut appellants' allegation that the $15,000 sum was a penalty rather than liquidated damages. We also note that although "implicit in the concept of liquidated damages . . . is that both parties are bound by their agreement" and that liquidated damages thus become the " 'maximum as well as the minimum sum that can be collected' [cit.]," id., the record sub judice does reveal that appellees filed a counterclaim to appellants' complaint seeking $12,000 for damages and special expenses incurred as a result of appellants' occupancy of the house in question.

Under OCGA § 9-11-56 (c), on a motion for summary judgment the movant has the burden of showing affirmatively that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Moreover, when the movant is the defendant, he has the additional burden of piercing the plaintiff's allegations and affirmatively negating at least one essential element of the plaintiff's case. See, e.g., *Ray v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 776, 780 (337 SE2d 779) (1985). Scrutiny of the record before this court indicates appellees have failed to meet these statutory requirements. We must therefore reverse the award of summary judgment on this issue.

2. (a) Appellants contend the trial court erred by granting summary judgment to appellees as to the remaining allegations in their complaint as amended. The record fails to support appellants' argument that questions of fact exist regarding their allegation that the sales contract was severable from the lease agreement. The sales contract explicitly incorporated by reference the document containing the provisions for the $15,000 non-refundable down payment, the terms of the lease, and the liquidated damages provision, discussed above. The separate "Move-In Agreement" also specifically referenced the sales contract both in the initial paragraph of the agreement and in the special stipulations thereto. The intention of the parties to enter into a non-divisible series of agreements was unambiguously established by the language used by the parties and no question of fact remains as to this issue. See generally *Reuss v. Time Ins. Co.*, 177 Ga. App. 672, 673 (340 SE2d 625) (1986); *Farmer v. Argenta*, 174 Ga. App. 682, 684 (331 SE2d 60) (1985).

(b) Appellants argue the trial court erred by granting summary judgment to appellees on their allegation that appellees rescinded the "conditional purchase" sales contract and that appellants are thereby entitled to recover the $15,000 non-refundable down payment. Since we held in Division 2 (a), supra, that the sales contract was not severable from the lease agreement, it is irrelevant whether appellees rescinded the sales portion of the contract since it is uncontroverted that appellants breached the lease portion of the agreement entered into by the parties and that by the terms of the agreement, the $15,000 was deemed non-refundable by the parties in case of such a breach. Thus, regardless whether the $15,000 constituted liquidated damages or a penalty, see Division 1, supra, no question of fact remains that appellees' alleged rescission of the sales portion of the contract would not entitle appellants to recover the $15,000 non-refundable down payment due to appellants' breach of the lease agreement and summary judgment to appellees was thereby proper. See generally *Gregory v. Vance Pub. Corp.*, 130 Ga. App. 118, 120 (3) (202 SE2d 515) (1973).

(c) Although appellants alleged in their complaint that the con-

tract was unenforceable because certain provisions therein were vague, uncertain and indefinite, the testimony of appellants in their depositions belies this allegation and reveals no such vagueness, uncertainty or indefiniteness existed between the parties as to the terms of the lease agreement or as to the parties' mutual obligations under the documents they signed. Thus, there is no question of fact as to this allegation and summary judgment to appellees on this matter was proper. OCGA § 9-11-56.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 8, 1987.

*Charles L. Day*, for appellants.
*Jan P. Cohen, E. Speer Mabry*, for appellees.