## 76019. O'BRIEN et al. v. AMERICAN-AMICABLE LIFE INSURANCE COMPANY.
(370 SE2d 177)

BEASLEY, Judge.

Appeal is from the grant of summary judgment to the insurance company in the O'Briens' suit to recover under a life insurance policy.

In September 1983, Mrs. O'Brien applied for whole-life insurance through the insurer's authorized local representative and agent, which policy was issued on December 1. At the time application was made, Mr. and Mrs. O'Brien discussed with the agent the purchase of a rider to provide life insurance coverage for their expected child. The agent told them to inform her when it was born, because no such application could be made until 15 days after birth. On December 18, the agent was advised of the birth of the O'Briens' infant son and met with them to fill out an application for a rider to Mrs. O'Brien's policy so as to cover the life of the child. The application was postdated to December 19 to allow the fifteen days from the child's birth, as required by the insurance company.

Mr. O'Brien contended that he offered to pay the extra monthly premium amount at that time, but the agent refused to take it, telling

him to fill out the necessary forms to have an allotment designated from his military paycheck as was done on the policies for himself and his wife. The O'Briens also contended that she told them not to worry about paying the premium because the child was covered at that time. The agent denied making such a waiver of the premium payment, or that Mr. O'Brien offered to pay her on December 18. In any event, Mr. O'Brien did not submit the necessary forms to activate the allotment payments before the infant suddenly and unexpectedly died.

The application for the child's coverage, which was read by the O'Briens and signed by Mrs. O'Brien, contained two separate provisions reciting that the applicant agreed "that this application and declaration of insurability shall not be binding upon the [insurer] until accepted at the Home Office . . ."; and "that the change requested shall not be effective until it has been approved at the Home Office and any required premium has been paid." The premium allotment verification form also expressly provided in a prominent clause: "No insurance shall take effect unless the [insurer] approves this application and the first full premium is paid, either in cash or by completion of the appropriate allotment authorization, all during the lifetime of each person proposed for insurance . . . ."

When the O'Briens' demand for coverage under the rider was denied on the basis of non-payment of the premium, this action was brought. The insurer had stated in responding negatively to the demand: "Had the allotment increase been turned in to your Finance Center, prior to the death of your son, our response would have been different." Upon review of the record, including a proposed pretrial order containing stipulated facts, the trial court granted summary judgment to the defendant insurance company.

The sole issue, as expressed by appellants, is whether a premium payment for a rider to an already existing life insurance policy may be waived by the insurer's authorized agent. If so, the grant of summary judgment to the appellee was improper because a material question of fact exists as to whether such a waiver was made.

"An application for insurance is a mere offer, and the company is free to accept or reject it. Unless the offer is accepted by the company no contract ever comes into existence and no liability can arise . . . So long as the application is not acted upon by the company, no contract of insurance is consummated, and where the applicant dies before the acceptance of his application, the company has incurred no liability. Even with the [waiver of payment] of premiums as alleged by appellant[s], no binding contract of life insurance is created until the insurer manifests its acceptance. Further, any assurances by the soliciting agent as to the insurability of appellant's son are of no legal effect in this case. No verbal assurance of the agent to the applicant

or to the proposed beneficiary that the applicant was insured from the date of the application could bind the company or constitute a contract of insurance. The application itself provided that [the application would not be binding until accepted by the Home Office and payment of the first full premium.] This was a valid and binding provision." (Citations, indention and punctuation omitted.) *Whitmire v. Colonial Life &c. Ins. Co.*, 172 Ga. App. 651 (323 SE2d 843) (1984). Accord *Karp v. Western Life Ins. Co.*, 182 Ga. App. 693 (356 SE2d 893) (1987); *All American Assur. Co. v. Brown*, 177 Ga. App. 402 (339 SE2d 611) (1985). Thus, under Georgia law an application for life insurance, or for such coverage under a dependent child rider, does not bind an insurance company in the absence of the insurer's acceptance of such application. The acceptance of the application here hinged on the applicants' initiating the payment of premiums through allotment, which was not accomplished before the child's death.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 12, 1988 —
REHEARING DENIED JUNE 1, 1988 — ▮▮▮▮▮▮▮

*Joseph B. Bergen, Frederick S. Bergen*, for appellants.
*Michael K. Jablonski, Richard G. Farnsworth*, for appellee.