76702. METRO COMPLETE SERVICES, INC. v. LIBERTY MUTUAL INSURANCE COMPANY.
(372 SE2d 491)

CARLEY, Judge.

Appellee-plaintiff filed suit, seeking to recover premiums allegedly due on a workers' compensation policy which it had issued to appellant-defendant. Appellant filed an answer, asserting various defenses. Appellant also filed a counterclaim, seeking a recovery based upon appellee's denial that it afforded general liability coverage to appellant. In its counterclaim, appellant sought actual damages and punitive damages, as well as attorney's fees and expenses of litigation. Following a period of discovery, appellee moved for summary judgment on appellant's counterclaim. A hearing was held and the trial court granted summary judgment in favor of appellee with regard to its liability in negligence. However, the trial court denied appellee's motion for summary judgment with regard to its liability in contract. Appellant appeals from the trial court's order granting partial summary judgment in favor of appellee.

1. Appellant urges that the trial court erred in granting partial summary judgment in favor of appellee because genuine issues of material fact remain as to appellee's liability in negligence.

" '(W)here one undertakes to procure insurance for another and is guilty of . . . negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. [Cits.]' [Cits.]" *Georgia Farm &c. Ins. Co. v. Arnold,* 175 Ga. App. 850, 851 (1) (334 SE2d 733) (1985). Where, however, the facts of the case would establish the existence of a contractual relationship rather than the negligent performance of a fiduciary duty, it is not error for the trial court to grant

summary judgment for defendant as to the issue of his negligence. See *McCullohs Svc. Station v. Wilkes,* 183 Ga. App. 687, 689 (1) (359 SE2d 745) (1987); *Ethridge v. Assoc. Mutuals,* 160 Ga. App. 687 (288 SE2d 58) (1981).

The record in this case contains the conflicting affidavits of appellee's agent and of appellant's president. Appellee's agent denied ever having discussed general liability coverage with appellant's president at any time prior to appellee's issuance of a binder for workers' compensation coverage on May 1, 1984. Appellant's president, on the other hand, stated that he and appellee's agent had discussed workers' compensation coverage and general liability coverage during the last week in April of 1984. Appellant's president also stated that on or about April 30, 1984, he was informed by appellee's agent that both the "workers' compensation and general liability insurance had been approved," and that he subsequently paid the "requested initial premium" for the coverages "approved" by appellee.

Under this conflicting evidence, if the trior of fact accepted appellant's version of the events, a finding would be authorized that appellee had made an oral binder as to general liability coverage. If, on the other hand, the trier of fact accepted appellee's version of the events, a finding would be authorized that general liability coverage had not been discussed prior to May of 1984 and that no binder had ever been given for that coverage. Thus, either general liability coverage was discussed and a binder for that coverage was issued or that coverage was never discussed and no binder was ever issued. There is no evidence in the record to authorize a finding that appellee undertook to secure general liability insurance for appellant but negligently failed to do so. Compare *Ray v. Ga. Farm &c. Ins. Co.,* 176 Ga. App. 776 (337 SE2d 779) (1985), wherein there was evidence which would support either a contract claim or a negligence claim against the insurer. In the instant case, there is no evidence that appellee agreed that it *would undertake* to provide general liability coverage but then *failed* to provide such coverage. The fact that appellee denied the existence of coverage shows the denial of the existence of a contract, not the viability of a claim against it for the negligent failure to procure coverage.

"In deciding a motion for summary judgment, the evidence is construed most favorably to the party opposing the motion, who is to be given the benefit of all reasonable doubts and all reasonable inferences. [Cit.]" *Blount v. Seckinger Realty Co.,* 167 Ga. App. 778, 779 (1) (307 SE2d 683) (1983). In construing the evidence most favorably for appellant, the trial court correctly found that a genuine issue of material fact remained as to the existence of an oral binder for both workers' compensation coverage and general liability coverage on or before April 30, 1984. The trial court also correctly found that no

such genuine issue of material fact remained with regard to appellee's negligence in undertaking to secure general liability coverage. Accordingly, the trial court correctly granted appellee's motion for summary judgment as to appellant's negligence claim.

2. It necessarily follows that the trial court also correctly granted appellee's motion for summary judgment as to the recoverability of punitive damages by appellant. Such damages are not authorized in a case which arises out of contract. OCGA § 13-6-10.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*John W. Spears, Jr.*, for appellant.

*Keenan G. Loomis, Lowell S. Fine, Mark E. Bergeson, G. Michael Banick*, for appellee.